## In re SUPREME APPLIANCE & HEATING CO.

### No. 15004.

United States District Court
W. D. Kentucky, at Louisville.

Aug. 29, 1950.

D. A. Sachs, Jr., Louisville, Ky., of counsel for petitioner.

SHELBOURNE, District Judge.

This case is before the Court upon the petition of Alan Neil Schneider to review an order of the Honorable Hite H. Huffaker, Referee in Bankruptcy, entered in the bankruptcy proceeding on October 20, 1949, wherein the said Schneider, as attorney for the trustee, had petitioned for the allowance of an attorney's fee for services rendered to J. K. Scoggan, the Trustee of the bankrupt estate.

The attorney petitions for the allowance of a fee of $850 and additional sum of $3.83 expenses paid by him, on which petition the Referee with commendable consideration for the economic administration of estates in bankruptcy allowed as the

fee $250 plus the minor sum of expenses. Mr. Schneider feels that the Referee has failed to allow an amount commensurate with the services rendered and asks that the order be reviewed.

### The Facts.

The facts as shown by the record certified by the Referee and found by this Court are that on January 22, 1948, the Supreme Appliance & Heating Company on its voluntary petition was adjudged bankrupt. February 9, 1948, J. K. Scoggan was appointed and qualified as the Trustee, and on February 17th thereafter by petition requested permission to employ Selligman and Greenebaum as Trustee's counsel. An order was entered and that firm was retained by the Trustee.

June, 1948, the Trustee reported to the Referee that Paul E. Shepherd had received within four months of the filing of the petition in bankruptcy a preferential transfer in the sum of $5,200 and petitioned for and was granted by the Referee authority to file suit to bring the value of the preferences into the hands of the Trustee.

Thereafter, suit was instituted in the Jefferson Circuit Court against Paul E. Shepherd, President of the bankrupt corporation, seeking to recover $5,252 on account of alleged illegal preferential conveyance to him of the bankrupt's assets. The Trustee then petitioned for authority to compromise that suit for the sum of $2,500 and costs to be paid by the said Shepherd and recommended that the Court authorize such compromise.

The report of receipts and disbursements filed following consummation of the compromise agreement showed that after the payment of certain rent there remained in the hands of the Trustee $2,391.39.

Attorney Schneider was a member of the law firm of Selligman and Greenebaum at the time the Trustee employed that firm as his counsel. Meanwhile, Mr. Selligman had died and the claim for compensation on account of service to the Trustee was filed by Alan Neil Schneider, a partner or associate of Selligman and Greenebaum,

and it was alleged in the petition for a fee that no other member of the firm employed had any interest in the compensation to be allowed for services in this case.

Notice was sent to the creditors and parties in interest and upon a consideration of the claim the Referee allowed plaintiff the $250, as aforesaid.

A detailed statement of hours filed with Schneider's petition for fee alleges that he spent approximately eighty-five hours between February, 1948, and September 16, 1949. A great deal of this time was adjudged by the Referee to have been spent upon matters which the Trustee was both qualified and obligated by the law to perform. He estimated that the Trustee's attorney had spent twenty-five hours in performing various duties incident to his status as counsel for the Trustee and allowed $250 as his fee.

Mr. Schneider has filed affidavits of four reputable members of the Bar experienced in bankruptcy practice, all of whom state that the fee requested by Schneider was reasonable in view of the services rendered. No creditor made any objection to the amount of the fee or to Schneider's right to be compensated for his services.

In my opinion the Referee has failed to take into consideration as the basis for the allowance of a fee the material fact that Schneider's efforts in bringing into the estate more than five-fold the amount disclosed by the bankrupt's petition and schedule were performed upon a contingent basis, and had he been unsuccessful in his efforts to recover from Shepherd there would not have been any funds out of which he could have been compensated for his work.

The Referee has apparently laid undue stress upon the fact that the $2,500 was recovered by a compromise agreement after the suit had been filed. I do not think this is sufficiently important to cut down the compensation to the extent of $250.

The work had been performed in the preparation and filing of the suit. Compromise offer was approved by the Referee before it was consummated.

It is therefore concluded that the order of the Referee allowing Alan Neil Schneider the sum of $250 be and the same is hereby set aside and said Schneider be and is hereby allowed the sum of $500 as fee for representation of the Trustee.